UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CHARISHENDA LELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-196 |
| | ) |
| TURTLE CREEK ASSETS, LTD., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, CHARISHENDA LELAND ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, TURTLE CREEK ASSETS, LTD. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

1

that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Tallahassee, Leon County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a Texas business corporation and debt collection agency with

its headquarters in the City of Dallas, Dallas County, State of Texas.

13. Defendant's business includes, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts it purchased from third parties, including Aarons, Inc.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a transaction with Aaron's, Inc., in which Plaintiff acquired furniture.

18. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

19. In or around February 2019, Defendant began calling Plaintiff on Plaintiff's cellular telephone number at 850-345-6547 in an attempt to collect the

alleged debt.

20. Defendant calls Plaintiff from 800-467-4748, which is one of Defendant's telephone numbers.

21. Since the collection calls began, Plaintiff has answered several collection calls from Defendant's collectors, including on or about March 5, 2019, when Plaintiff spoke to one of Defendant's collectors who identified herself as Courtney.

22. During the above-referenced collection calls:

   a. Plaintiff has disputed owing the alleged debt and that she had returned the furniture to Aaron's, Inc. back in 2012;

   b. Defendant's collectors responded that Plaintiff still owes $1,000, but now to Turtle Creek Assets, Ltd.;

   c. Defendant's collectors demanded that Plaintiff pay Defendant at least $500 by 5:00 p.m. on the date of the call or Defendant would issue a warrant and have her arrested at her home because it was a felony not to pay the alleged debt to Defendant; and

   d. In response to these terrifying threats, Plaintiff has requested that Defendant stop calling Plaintiff.

23. Defendant has no legal right or ability to charge Plaintiff with a felony—or any crime.

24. Arguendo, even if Defendant were able to request that a district attorney take some action against Plaintiff, it is the district attorney's decision to charge Plaintiff with a crime—not the Defendant's.

25. Defendant has no legal right or ability to either arrest Plaintiff or order the arrest of Plaintiff.

26. Arguendo, even if a district attorney were to pursue criminal charges against Plaintiff, such charges do not automatically mean that an arrest warrant would be issued—especially one with such priority that Plaintiff would be immediately arrested at her home.

27. Defendant's threats are even more outrageous and baseless given the fact that Plaintiff no longer has the furniture because she returned it to the original creditor approximately seven (7) years earlier.

28. The applicable statute of limitations for bringing an action against Plaintiff for the alleged debt is—at most—five (5) years.

29. The alleged debt was incurred more than five (5) years ago.

30. There have been no transactions made on the above-referenced debt within the past five (5) years.

31. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that Defendant could not sue Plaintiff to collect the alleged debt.

32. Defendant attempted to collect a time-barred debt from Plaintiff without

disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations.

33. Defendant attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

34. Despite Plaintiff requesting that Defendant stop calling her, Defendant continued to place a barrage of collection calls to Plaintiff.

35. Despite Defendant having already located and communicated with Plaintiff, Defendant's collectors would call and harass Plaintiff's daughter making threats about legal action.

36. Defendant failed to send Plaintiff a written notice containing the information required by § 1692g(a)(1)-(5) of the FDCPA.

37. Defendant's acts as described above were done intentionally with the purpose of terrifying and coercing Plaintiff to pay the alleged debt.

38. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

39. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

41. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b(2) of the FDCPA by communicating with a third-party and disclosing that a consumer owes any debt when Defendant's collectors called Plaintiff's daughter and disclosed that Plaintiff owes an alleged debt;

   b. Defendant violated § 1692c(b) of the FDCPA by communicating with a third-party in connection with the collection of any debt when Defendant's collectors communicated with Plaintiff's daughter in connection with the collection of the alleged debt owed by Plaintiff;

   c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

   d. Defendant further violated § 1692d of the FDCPA when Defendant's

collectors continued to call Plaintiff after Plaintiff requested that Defendant stop calling her;

e. Defendant further violated § 1692d of the FDCPA when Defendant's collectors harassed Plaintiff's daughter in an attempt to embarrass and coerce Plaintiff into paying the alleged debt;

f. Defendant further violated § 1692d(2) of the FDCPA by its use of language the natural consequence of which is to abuse the hearer when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

g. Defendant violated § 1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant placed a barrage of collection calls to Plaintiff and even continued to call Plaintiff after Plaintiff requested that Defendant stop calling her;

h. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

i. Defendant violated §1692e(2)(A) of the FDCPA with its false

representation of the character, amount, or legal status of any debt when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

j. Defendant further violated §1692e(2)(A) of the FDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

k. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

l. Defendant violated § 1692e(5) of the FDCPA by its use of a threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

m. Defendant further violated §1692e(5) of the FDCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

n. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, the other foregoing discrete violations of § 1692e;

o. Defendant violated § 1692g(a)(1)-(5) of the FDCPA when Defendant failed to send Plaintiff a written notice containing the information required by these subsections;

p. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant engaged in all of the misconduct alleged herein;

q. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collectors ignored Plaintiff's oral dispute of the alleged debt and then went on to threaten Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was

a felony not to pay the alleged debt to Defendant; and

   r. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, CHARISHENDA LELAND, respectfully requests judgment be entered against Defendant, TURTLE CREEK ASSETS, LTD., for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

44. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

45. Plaintiff repeats and realleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Defendant violated the FCCPA based on the following:

   a. Defendant violated § 559.72(1) of the FCCPA by simulating in any manner a law enforcement officer or a representative of any governmental agency when Defendant's collectors threatened Plaintiff

with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

b. Defendant violated § 559.72(7) of the FCCPA willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

c. Defendant further violated § 559.72(7) of the FCCPA willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family when Defendant continued to call Plaintiff after Plaintiff requested that Defendant stop calling her;

d. Defendant further violated § 559.72(7) of the FCCPA willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, when Defendant harassed Plaintiff's daughter in an attempt to embarrass and coerce Plaintiff into payment of the alleged

   debt;

   e. Defendant violated § 559.72(8) of the FCCPA by its use of willfully abusive language in communicating with the debtor when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant;

   f. Defendant violated § 559.72(9) of the FCCPA by the assertion of the existence of some other legal right when such person knows that the right does not exist when Defendant's collectors threatened Plaintiff with the issuance of an arrest warrant, having Plaintiff arrested at her home, and claiming that it was a felony not to pay the alleged debt to Defendant; and

   g. Defendant further violated § 559.72(9) of the FCCPA when Defendant attempted to collect from Plaintiff a time-barred debt without making certain required disclosures.

WHEREFORE, Plaintiff, CHARISHENDA LELAND, respectfully requests judgment be entered against Defendant, TURTLE CREEK ASSETS, LTD., for the following:

47. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

48. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

49. Punitive damages and equitable relief, including enjoining REVENUE MANAGEMENT GROUP, LLC from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

50. Any other relief that this Honorable Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

DATED: April 29, 2019        By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Florida Bar No. 0882461
                                        Hormozdi Law Firm, LLC
                                        1770 Indian Trail Lilburn Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678-395-7795
                                        Fax: 866-929-2434
                                        shireen@agrusslawfirm.com
                                        shireen@norcrosslawfirm.com
                                        Attorney for Plaintiff

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Charishenda Leland<br><br>*Plaintiff(s)*<br>v.<br>Turtle Creek Assets, Ltd.<br><br>*Defendant(s)* | Civil Action No. 4:19-cv-196 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Turtle Creek Assets, Ltd.
c/o Gordon S. Engle
5331 Spring Valley Road
Dallas, TX 75254

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*CLERK OF COURT*

Date: April 30, 2019

s/Ronnell Barker

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 4:19-cv-196

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: